UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JHON ANDRES HERNANDEZ (A# 249-072-776),

              Petitioner,

     v.

WARDEN, GOLDEN STATE ANNEX DETETNION FACILITY,

              Respondent.

No.  1:26-cv-04129 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge by operation of 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## I.    Factual and Procedural History

Petitioner, a native and citizen of Venezuela, entered the United States without inspection on February 12, 2024, near El Paso, Texas.  ECF No. 7-1 at 2.  Customs and Border Protection encountered Petitioner and issued him "expedited removal" documents.  Id.  Petitioner was released on parole on March 22, 2024.  ECF No. 1 at 5.  On April 10, 2024, officials administratively charged Petitioner under 8 U.S.C. § 1182(a)(7)(A)(i) (failure to present valid entry document) and vacated his expedited removal after an asylum officer determined he has a credible fear of persecution.  ECF No. 7-2 at 1.  Petitioner received a work authorization on

1

December 30, 2024.  ECF No. 7-1 at 3.

On February 15, 2026, Petitioner was arrested by the Carrollton (Texas) Police Department for driving while intoxicated under Texas Penal Code § 49.04.  ECF No. 7-1 at 3.  On February 25, 2026, Petitioner was transferred into the custody of Immigration and Customs Enforcement ("ICE").  Id.  Petitioner is currently detained at the Golden State Annex Detention Center, within this judicial district.  ECF No. 1 at 4.

Petitioner filed the instant § 2241 petition on May 29, 2026, alleging that his ongoing, prolonged detention violates the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 16-17.  By way of relief, Petitioner seeks immediate release or, in the alternative, a custody redetermination hearing before an Immigration Judge ("IJ") where the government bears the burden of proof by clear and convincing evidence.  Id. at 17.  Citing the minority view of cases, Respondent counters that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and lacks a protected liberty interest as an applicant for admission.  ECF No. at 2.

**II.    Legal Standards**

**A.  Constitutional Standards**

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law.  Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not

2

protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.").

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").  In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies.  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).  Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335.

**B.    Statutory Immigration Framework**

A non-citizen arrested at or near the border without valid entry documents is normally ordered removed "without further hearing or review" pursuant to an expedited removal process. See 8 U.S.C. § 1225(b)(1)(A)(i).  But if such non-citizen "indicates either an intention to apply for asylum ... or a fear of persecution," then that non-citizen is referred for an asylum interview. See 8 U.S.C. § 1225(b)(1)(A)(ii).  While awaiting this credible fear interview, the non-citizen is to remain detained.  See 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  If an immigration officer determines after that interview that the non-citizen has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii). At that point, the asylum applicant will receive full consideration of the asylum claim in a standard removal hearing.

The statutory mechanism for release of an asylum applicant apprehended at the border is

3

temporary release on parole "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); see also 8 C.F.R §§ 212.5(b), 235.3. Release on humanitarian parole involves either an express or implicit finding that the noncitizen is "neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). Such parole, however, "shall not be regarded as an admission of the [non-citizen]." 8 U.S.C. § 1182(d)(5)(A). Instead, when the purpose of the parole has been served, "the [non-citizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." Id.

### III.   Analysis

In reviewing Petitioner's due process challenge,[1] the Court turns first to the question of whether he has a protected liberty interest. The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty. See Morrissey, 408 U.S. at 482 (finding a parolee had an interest in his continued liberty); Young v. Harper, 520 U.S. 143, 150 (1997) (applying Morrissey to pre-parole release from prison); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (finding probationers have a liberty interest). Therefore, even though Petitioner appears subject to detention under 8 U.S.C. § 1225(b)(1), the undersigned finds that he acquired a liberty interest in his continued freedom based on the Department of Homeland Security's decision to release him on parole. See Singh v. Chestnut, No. 1:26-cv-01400-DC-CSK (HC), 2026 WL 498335, at *1 (E.D. Cal. Feb. 23, 2026); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim); Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025).

Next, the undersigned applies the Mathews factors to determine what process is due. As

---

[1] Although Petitioner's roughly four-month immigration detention is not prolonged, the undersigned liberally construes the petition as challenging the revocation of his parole under the Due Process Clause. See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (noting that courts must "construe habeas petitions liberally").

to the first factor, there is no doubt that Petitioner has a substantial private interest in remaining free from custody.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690.  It appears from the record that Petitioner remained at liberty in the community for almost two years after ICE released him on parole.  Based on this span of time in which Petitioner has been at liberty, the undersigned finds that the first Mathews factor tilts in his favor.

Next, the risk of erroneous deprivation is considerable in this case.  Petitioner was previously released from immigration detention on parole.  There is no evidence in the record nor argument from Respondent demonstrating any urgency to protect the public or prevent Petitioner's imminent flight based on his February 2026 arrest.  Therefore, the undersigned concludes that the risk of an erroneous deprivation of liberty here is considerable where no hearing has been provided to Petitioner to allow a neutral arbiter to determine whether he constitutes a danger or flight risk.  See Guillermo M. R. v. Kaiser, 791 F.Supp.3d 1021, 1035 (N.D. Cal. July 17, 2025) ("allowing a neutral arbiter to review [these] facts would significantly reduce the risk of erroneous deprivation.").  Thus, the second Mathews factor tilts in Petitioner's favor.

The third factor is the government's interest including any fiscal or administrative burden that would result from additional process.  Although the government has a strong interest in enforcing immigration regulations, the effort and cost required to provide Petitioner with procedural safeguards are minimal.  See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017); see also R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025) ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up).

"If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

Having weighed the above Mathews factors, the undersigned concludes that Petitioner had a Fifth Amendment due process right to a pre-deprivation hearing before he was re-detained. See Selis Tinoco, 2025 WL 3567862 (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato, 2025 WL 3458802 (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same). While Petitioner's post-release arrest may constitute materially changed circumstances "that would warrant detention … due process requires that assertion be tested at a hearing that meets constitutional requirements." Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914, at *2 (E.D. Cal. Dec. 8, 2025). The undersigned further finds that the remedy for the Constitutional violation in this case is Petitioner's immediate release from immigration detention. See Arzate v. Andrews, No. 1:25-cv-00942-KES-SKO (HC), 2025 WL 2230521, at *7 (E.D. Cal. Aug. 4, 2025), converted to preliminary injunction sub nom, 2025 WL 2411010, at *1 (E.D. Cal. Aug. 20, 2025) (ordering immediate release for non-citizen who was re-detained absent a pre-deprivation hearing despite a misdemeanor arrest while on previous release).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot.

In addition, IT IS HEREBY RECOMMENDED that:

1.      Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2.      Respondent be ordered to immediately release Petitioner **Jhon Andres Hernandez (A# 249-072-776)** based on the same conditions he was subject to immediately prior to his detention on February 25, 2026. Respondent shall not impose any additional restrictions on him unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3.      If the government seeks to re-detain Petitioner, it must provide no less than seven

6

(7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

4. The Clerk of Court be directed to serve the Golden State Annex with a copy of any order of release issued in this case.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7